```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
ELIZABETH REKOWICZ on behalf of
her son, STEVEN CONGEMI,

                  Plaintiff,         MEMORANDUM & ORDER
                                     11-CV-1561(JS)(ETB)
     -against-

SACHEM CENTRAL SCHOOL
DISTRICT,

                  Defendant.
---------------------------------x
APPEARANCES
For Plaintiff:     Scott M. Mishkin, Esq.
                   One Suffolk Square, Suite 240
                   Islandia, NY 11749.

For Defendant:     Joseph E. Madsen, Esq.
                   Susan E. Fine, Esq.
                   Ingerman Smith, L.L.P.
                   150 Motor Parkway, Suite 400
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court are Plaintiff Elizabeth Rekowicz's Objections to Magistrate Judge E. Thomas Boyle's Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Plaintiff's motion to amend her Complaint. Defendant Sachem Central School District opposes Plaintiff's motion to amend. For the following reasons, Judge Boyle's R&R is ADOPTED IN PART in accordance with the following discussion.

BACKGROUND

The R&R provides a discussion of the allegations in Plaintiff's Proposed Amended Complaint (the "PAC"). Briefly, Plaintiff proposes to add (1) Plaintiff's son, Steven Congemi, as a plaintiff in the case; (2) claims under the IDEA, the ADA, the Rehabilitation Act, and Section 1983 against eleven individual defendants in their official and individual capacities (see R&R 5), and (3) a Section 1983 claim against the District. In addition to addressing these proposed additions, Judge Boyle considered the futility vel non of Plaintiff's IDEA, ADA, and Rehabilitation Act claims against the District. Judge Boyle concluded that all but two of Plaintiff's proposed amendments would be futile and he recommended that the motion to amend be denied except insofar as Plaintiff seeks to add (1) her son as a named plaintiff and (2) a Section 1983 claim against James Nolan. (R&R 18.)

DISCUSSION

Plaintiff challenges the R&R on the following grounds: she argues that (1) she pled the personal involvement of the individual defendants with sufficient plausibility to state Section 1983 claims against them (Pl. Br. 4); (2) Judge Boyle erred in rejecting her Section 1983 claim against the District (id. at 8-9); (3) her official-capacity claims against the proposed individual defendants were improperly rejected (id. at

2

10-11); and (4) she sufficiently stated ADA and Rehabilitation Act claims against all proposed defendants. She also (5) clarifies that is seeking damages for IDEA violations under Section 1983, not the IDEA itself.

A magistrate judge's recommendations on nondispositive issues may be set aside only to the extent that they are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).[1]

I. Personal Involvement

The Court agrees with Judge Boyle that, except for proposed defendant James Nolan, Plaintiff has not provided anything beyond conclusory allegations of the individuals' personal involvement in any Section 1983 violations. (See R&R 8-10.) In her Objections, Plaintiff simply cites to the paragraphs in the PAC that Judge Boyle already concluded were insufficiently detailed without offering any argument (beyond restating the Iqbal/Twombly pleading standard) why Judge Boyle reached the wrong conclusion. (Pl. Br. 5-7.)

As to James Nolan, it appears that Plaintiff's Section 1983 claim is predicated on his decision to truncate Plaintiff's son's daily school schedule. This allegation goes to whether school officials deprived Plaintiff's son of a free appropriate

---

[1] The Second Circuit has suggested that motions to amend are nondispositive. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007).

3

public education ("FAPE")--i.e., whether the District violated the IDEA. Because plaintiffs cannot use Section 1983 to obtain damages for IDEA violations absent allegations that they were denied IDEA's "procedural safeguards or administrative remedies," Streck v. Bd. of Educ. of E. Greenbush Sch. Dist., 280 F. App'x 66, 68 (2d Cir. 2008); Schafer v. Hicksville Union Free Sch. Dist., No. 06-CV-2531, 2011 WL 1322903, at *18 (E.D.N.Y. Mar. 31, 2011); French v. N.Y.S. Dep't of Educ. ["French I"], No. 04-CV-0434, 2010 WL 3909163, at *11 (N.D.N.Y. Sept. 30, 2010) aff'd, --- F. App'x ----, 2011 WL 5222856 (2d Cir. Nov 3, 2011) ["French II"], Plaintiff's Section 1983 claim against Nolan is futile.

Accordingly, the Court adopts in part the R&R as it relates to Plaintiff's proposed Section 1983 claims against the proposed individual defendants. The Court agrees that Plaintiff has not stated Section 1983 claims against ten of the eleven individuals, and it further concludes that she has not stated a Section 1983 claim against Nolan either.

II. Municipal Liability

Judge Boyle also rejected Plaintiff's attempt to add a Section 1983 claim against the District, finding that Plaintiff had not adequately alleged an unlawful custom or policy. (R&R 11.) In doing so, Judge Boyle recognized that (a) Nolan, Plaintiff's son's principal, is alleged to have authorized

Plaintiff's son's truncated schedule and (b) school principals have been considered policymakers for the purposes of establishing municipal liability under Section 1983. (R&R 12-13 & 12 n.11.) He reasoned, however, that allegations of a single, isolated decision from a policymaker are insufficient to state a claim against the District. (Id. at 13.) This rationale conflates the ways that a plaintiff can establish liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); a single decision from someone with policymaking authority can be enough to state a Monell claim.[2] See generally, e.g., Jones v. Town of E. Haven, --- F.3d ----, 2012 WL 3104523, at *6 (2d Cir. Aug. 1, 2012).

In any event, however, Plaintiff's proposed Section 1983 claim against the District fails for reasons already discussed in Section I. The decision to truncate Plaintiff's son's school day goes to merits of whether Plaintiff's son received a FAPE and not whether there were defects in the procedural or administrative remedies under IDEA. French I, 2010 WL 3909163, at *11.

III. Claims against Individuals in their Official Capacities

Plaintiff argues that, because she has plausibly alleged a Section 1983 claim against the District, her claims

---

[2] The Court agrees with Judge Boyle that Plaintiff has not plausibly alleged an unlawful custom, pattern, or practice. (See R&R 11-12.)

5

against the individual defendants in their official capacities should not have been rejected as futile. (Pl. Br. 10.) Having concluded above that Plaintiff has not, in fact, stated a Section 1983 claim against the District, the Court agrees with Judge Boyle that Plaintiff's proposed claims against the individual defendants in their official capacities are futile.

IV. Plaintiff's ADA and Rehabilitation Act Claims

Judge Boyle also recommended that Plaintiff's proposed ADA and Rehabilitation Act claims be rejected as futile. As far as the claims against the proposed individual defendants, Plaintiff has not offered any authority or persuasive argument that Judge Boyle's recommendation was incorrect.

As to the claims against the District, Judge Boyle found that Plaintiff's allegations were futile because they did not allege anything more than an IDEA violation and, without more, IDEA violations cannot form the basis for ADA or Rehabilitation Act claims. (R&R 17.) Rather, a plaintiff needs to show that a defendant acted with bad faith or gross misjudgment. See French II, 2011 WL 5222856, at *4. The Court concludes that Plaintiff, in asserting that District employees manipulated her son's test scores to accelerate his progress (PAC ¶ 135), has alleged that the District acted with bad faith sufficient to support a claim under the ADA or the Rehabilitation Act. See French II, 2011 WL 5222856, at *4

6

(listing elements). Accordingly, Plaintiff will be permitted to proceed with claims that the District violated the ADA and the Rehabilitation Act.[3]

V. Plaintiff's IDEA Claims

Judge Boyle noted that because damages are not available under the IDEA, Plaintiff's proposed IDEA claims against the proposed individual defendants were futile. (R&R 18.) He noted, however, that Plaintiff may be entitled to seek damages for IDEA violations under Section 1983 (id.), and Plaintiff clarified that this is her intent (Pl. Br. 13). For reasons already discussed, Plaintiff may seek damages under Section 1983 for IDEA violations only under limited circumstances which are not alleged to be present here.

[Remainder of Page Intentionally Blank]

---

[3] It is not wholly clear whether the District understood Plaintiff's motion to amend as seeking to add ADA and Rehabilitation Act claims against the District (see Docket Entry 29 at 4 n.2), perhaps because Plaintiff's pro se Complaint, liberally construed, arguably asserted these claims already. In any event, the Court's decision today is without prejudice to the District's ability to move to dismiss any Amended Complaint.

CONCLUSION

For the foregoing reasons, the Court adopts the R&R in part. Plaintiff may amend her Complaint to add her son as a plaintiff. She may also include IDEA, ADA, and Rehabilitation Act claims against the District. Her remaining proposed amendments are denied as futile. Plaintiff's request for leave to file a further amended complaint to address the significant deficiencies that Judge Boyle identified in her PAC is denied. She may move for leave to amend her complaint in the normal course.

Separately, the Court notes that earlier in this case, Judge Boyle received a stack of documents from Plaintiff while she was proceeding pro se. There is no indication that these materials were ever served on Defendant, and the Court has not considered them. The Court will forward these documents to Plaintiff's counsel.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September 17, 2012
       Central Islip, New York