UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ELIZABETH REKOWICZ and STEVEN
CONGEMI,

                    Plaintiffs,

     -against-                            MEMORANDUM & ORDER
                                                11-CV-1561(JS)(WDW)
SACHEM CENTRAL SCHOOL DISTRICT,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Scott M. Mishkin, Esq.
                   Kyle T. Pulis, Esq.
                   Scott Michael Mishkin, P.C.
                   One Suffolk Square, Suite 240
                   Islandia, NY 11749

For Defendant:     Joseph E. Madsen, Esq.
                   Susan E. Fine, Esq.
                   Ingerman Smith, L.L.P.
                   150 Motor Parkway, Suite 400
                   Hauppauge, NY 11788

SEYBERT, District Judge:

        Currently pending before the Court is Defendant Sachem School District's ("Defendant" or the "District") motion to dismiss the Amended Complaint.[1] For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

---

[1] Also pending before the Court is Plaintiffs' motion to amend the Amended Complaint, which has been referred to Magistrate Judge William D. Wall, and therefore will not be addressed in this Memorandum and Order.

BACKGROUND

A. Factual Background[2]

The Court presumes familiarity with the underlying facts of this case, which are detailed in the Court's prior orders. Briefly, Plaintiffs are Elizabeth Rekowicz ("Rekowicz") and her son, Steven Congemi ("Congemi" and together with Rekowicz, "Plaintiffs"). Congemi is a former student of the District who was first diagnosed with the neurological disorder of Tourette's Syndrome in the seventh grade. (Am. Compl. ¶ 5.) Congemi has also been diagnosed with Attention-Deficit/Hyperactivity Disorder and Obsessive Compulsive Disorder. (Am. Compl. ¶ 8.) As such, the District classified Congemi as a student with "Other Health Impaired." (Am. Compl. ¶ 6.)

Plaintiffs allege that the District denied Congemi of a free appropriate public education ("FAPE"). Plaintiffs claim that the District accelerated Congemi through to graduation before he was educationally or developmentally prepared to do so. (Am. Compl. ¶ 18.) More specifically, they contend that the District manipulated Congemi's test scores and graded Congemi's examinations based solely upon questions that Congemi chose to answer, rather than upon the complete exam. (Am.

---

[2] The following facts are taken from Plaintiffs' Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

Compl. ¶¶ 59-60, 62.) These actions ultimately inflated Congemi's scores and thus expedited his graduation from the District, which took place in June 2010.[3]

Plaintiffs also allege that Congemi's Individualized Education Plans ("IEPs") were not reasonably calculated to enable Congemi to receive the educational benefits of the District. (Am. Compl. ¶ 21.) In addition to manipulating his test scores and omitting any such grade modification from Congemi's IEPs (Am. Compl. ¶ 22 ("The IEP's [sic] that were put in place for [Congemi], in addition to the District's bad faith conduct, were not likely to produce educational progress, but rather, promoted regression, as [Congemi] was pushed through school with manipulated test scores and was permitted to advance with incomplete assignments.")), Plaintiffs maintain that the District implemented IEPs that failed to prepare Congemi for further education, employment, and independent living. (Am. Compl. ¶ 39.)

In addition, Plaintiffs allege that James Nolan, the Principal at Sachem North High School, authorized that Congemi

---

[3] The Amended Complaint does not provide the actual date of graduation, although the parties seem to agree that Congemi graduated from the District in 2010. (Def.'s Br. in Support of Mot. to Dismiss ("Def.'s Br."), Docket Entry 35-2, at 3; Pls.' Opp. Br., Docket Entry 39, at 8.)

be on a truncated day for three years.[4] (Am. Compl. ¶ 53.) While Congemi was in class, the District and its employees condoned Congemi leaving the classroom and sitting out if he felt "his disabilities presenting," another issue that was not addressed in his IEPs. (Am. Compl. ¶¶ 70-71.)

The Amended Complaint also alleges that from November 7, 2007 through January 25, 2008, Congemi was left home without any instruction, education services, and/or counseling. (Am. Compl. ¶¶ 73, 83.) Furthermore, although not clearly explained in the Amended Complaint, Plaintiffs also apparently allege that the District deprived Congemi of educational programs when he was enrolled at the Education and Assistance Corporation Suffolk Learning Center ("EAC"), an alternative school for special needs students.[5] (Report and Recommendation ("R&R"), Docket Entry 26, at 3-4.)

On August 19, 2009, Plaintiffs filed a complaint for an impartial hearing before an Impartial Hearing Officer ("IHO") regarding the 2007-2008 and 2008-2009 school years. (Am. Compl. ¶ 87.) On October 1, 2010, IHO George Hunter Roberts denied Plaintiffs' requested relief. (Am. Compl. ¶ 92.) Plaintiffs

---

[4] The Amended Complaint does not specify the actual time period--i.e., what grades or years--that Congemi was on a truncated schedule.

[5] According to Defendant, and Plaintiffs apparently do not dispute, Congemi was placed at the EAC in January 2008. (Def.'s Br. at 2.)

4

then appealed to a State Review Officer ("SRO"), who dismissed the appeal on December 30, 2010. (Am. Compl. ¶¶ 93-94.) Thereafter, Plaintiffs filed for an impartial hearing regarding the 2009-2010 school year. (Am. Compl. ¶ 102.) An IHO denied their request on November 3, 2011. (Am. Compl. ¶ 103.) Again, Plaintiffs appealed, and an SRO denied their appeal on January 5, 2012. (Am. Compl. ¶¶ 104-05.)

B. Procedural Background

Rekowicz originally commenced this action pro se on March 30, 2011 on behalf of Congemi alleging violations of the Individuals with Disability Education Act (the "IDEA"), 20 U.S.C. § 1400 et seq. Thereafter, she obtained counsel and sought leave to amend the Complaint (the "First Motion to Amend," Docket Entry 20). The Proposed Amended Complaint ("PAC") sought: (1) to add Congemi as a plaintiff; (2) to add eleven current and former employees of the District as defendants; and (3) to assert claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), the Rehabilitation Act, 29 U.S.C. § 794 (the "RA"), 42 U.S.C. § 1983 ("Section 1983"), and the IDEA. (PAC, Docket Entry 20-3.)

In opposition to the motion to amend, Defendant argued: (1) that the Court should deny any amendment to add causes of action against the individually named defendants, or at least with respect to the proposed Section 1983 claims,

5

because Rekowicz failed to sufficiently plead their personal involvement and because they are protected by immunity; (2) that the Court should deny an amendment to add a Section 1983 claim against the individual defendants because Plaintiffs already availed themselves of the administrative remedy mechanism and were denied relief; (3) that the Court should deny an amendment to add a claim under RA § 504 against the individual defendants because the Proposed Amended Complaint impermissibly sought damages; and (4) that the Court should deny an amendment to add a claim under the IDEA against the individual defendants because the IDEA does not provide for money damages. (See generally Def.'s Opp. to First Mot. to Amend, Docket Entry 21.)

With respect to Plaintiffs' proposed claim under the RA, Defendant argued that the allegations were, in essence, challenges to the content and sufficiency of Congemi's educational plan. (Def.'s Opp. to First Mot. to Amend at 13.) Accordingly, the District asserted that, the Court should defer to the SRO's findings that the District provided Congemi with a FAPE. (Def.'s Opp. to First Mot. to Amend at 13-14.) Specifically, the District argued that "[t]he SRO's decision flatly contradicts the proposed allegations that [Congemi] was denied access to the DISTRICT's programs - an essential element of a viable claim under § 504," and, therefore, Plaintiffs' RA claim failed. (Def.'s Opp. to First Mot. to Amend at 14.)

With respect to the proposed IDEA claims against the individual defendants, the District argued that Plaintiffs' proposed claims were for money damages under the IDEA but that such damages are not available under the statute. (Def.'s Opp. to First Mot. to Amend at 15-17.)

On July 2, 2012, Magistrate Judge E. Thomas Boyle issued an R&R recommending that Rekowicz's motion to amend the Complaint be granted in part and denied in part. With respect to adding Congemi as a plaintiff, Judge Boyle noted that the District did not oppose, and therefore recommended that Congemi be added to the caption as he was no longer a minor. (R&R at 1-2 n.2.)

With respect to Rekowicz's proposed Section 1983 claims, Judge Boyle separately addressed the proposed claims against the District and those against the individual defendants. The R&R concluded that Rekowicz had failed to properly allege the personal involvement of most of the individually named defendants, thus precluding a Section 1983 claim against them. (R&R at 8-10.) However, Judge Boyle found that Rekowicz had properly alleged a Section 1983 claim against one individual defendant, Principal Nolan. (R&R at 8-10.) According to the Proposed Amended Complaint, Nolan "authorized [Congemi] to be on a truncated day for three (3) years . . . ." (PAC ¶ 139.) As such, Rekowicz alleged that Congemi was on a

7

reduced schedule which inhibited him from achieving the goals set out in his IEP. (PAC ¶ 142.) Judge Boyle concluded that such allegations constituted a sufficient showing of Nolan's personal involvement, and therefore recommended that the motion to amend the Complaint be granted insofar as Plaintiffs sought to bring a Section 1983 claim against Nolan.

As to the District, Judge Boyle concluded that in order to properly bring a Section 1983 claim, Rekowicz must allege "'that the challenged acts were performed pursuant to a municipal policy or custom.'" (R&R at 11 (quoting <u>Scaggs v. N.Y. State Dep't of Educ.</u>, No. 06-CV-0799, 2007 WL 1456221, at *14 (E.D.N.Y. May 16, 2007).) He found that Rekowicz had failed to properly plead such a policy or custom, but then considered whether Nolan could be considered a policy-maker such that his actions could support a Section 1983 claim against the District. (R&R at 11-13.) Judge Boyle found that the only allegations regarding Nolan pertained to his decision to put Congemi on a truncated schedule and that an isolated incident was insufficient to impose liability against the District. (R&R at 13.) Accordingly, he recommended that the proposed amendment to add a Section 1983 claim against the District be denied.

Judge Boyle then turned to the proposed RA and ADA claims. <u>First</u>, he stated that neither the RA nor the ADA allows for suits against the individual defendants in their official

8

capacities, and therefore such amendments should be denied. (R&R 15-16.) Second, he noted that "[a] plaintiff seeking relief pursuant to the Rehabilitation Act or the ADA must demonstrate that he or she did not enjoy equal access to the school's programs." (R&R at 16 (citing J.D. ex rel. J.D. v. Pawlet Sch. Dist., 224 F.3d 60, 70 (2d Cir. 2000).) Further, Judge Boyle stated that "[w]here a plaintiff seeks monetary damages under either the ADA or the Rehabilitation Act, courts in this Circuit have required proof that the defendant intentionally violated the statutes." (R&R at 16 (citing A.M. v. N.Y.C. Dep't of Educ., No. 08-CV-1962, 2012 U.S. Dist. LEXIS 4866, at *46 (E.D.N.Y. Jan. 17, 2012).) However, Judge Boyle found that Rekowicz had alleged only that the District failed to provide Congemi with a FAPE and that such allegations, without more, were insufficient grounds for an ADA or RA claim. (R&R at 17.) Accordingly, he concluded that an amendment to add such claims would be futile.

Finally, Judge Boyle found that an amendment to add a claim for money damages against the proposed individual defendants under the IDEA would also be futile because money damages are not an available remedy under the IDEA. (R&R at 18.) The only way that Plaintiffs could properly seek money damages is if they could also maintain a Section 1983 action, but as Judge Boyle had already found that those claims were

futile, he also recommended denying Rekowicz's request to add an IDEA claim for money damages against the individual defendants.

On September 17, 2012, this Court adopted in part Judge Boyle's R&R. Primarily, the Court agreed with Judge Boyle, and adopted his recommendations that Congemi be added as a plaintiff and that the motion be denied insofar as it sought to include a Section 1983 claim against the District and IDEA claims for monetary damages against the individual defendants. (See Docket Entry 30, the "September Order.") The Court also adopted Judge Boyle's recommendation that the amendment to add Section 1983 claims against most of the individual defendants be denied, but also found that such an amendment should be denied with respect to Nolan as well. (September Order at 3-4.) The September Order noted that Plaintiffs' allegations against Nolan--that he approved a truncated schedule for Congemi--essentially asserted that Congemi was deprived of a FAPE. (September Order at 3-4.) "Because [P]laintiffs cannot use Section 1983 to obtain damages for IDEA violations absent allegations that they were denied IDEA's 'procedural safeguards or administrative remedies,'" the Court concluded, "Plaintiff's Section 1983 claim against Nolan is futile." (September Order at 4 (quoting Streck v. Bd. of Educ. of E. Greenbush Sch. Dist., 280 F. App'x 66, 68 (2d Cir. 2008).)

As to Plaintiffs' proposed ADA and RA claims, the Court disagreed with Judge Boyle that Plaintiffs had failed to allege that the District acted in bad faith or with gross misjudgment. More specifically, the Court found that Plaintiffs' allegations that District employees manipulated Congemi's test scores to accelerate his progress sufficiently supported a claim under the ADA and RA. (September Order at 6-7.) As such, Plaintiffs were permitted to amend the Complaint in order to proceed with such claims against the District.

On November 5, 2012, Plaintiffs filed an Amended Complaint pursuant to the September Order. Currently pending before the Court is Defendant's motion to dismiss the Amended Complaint.

## DISCUSSION

Defendant moves to dismiss the Amended Complaint on three main grounds: (1) to the extent that the Amended Complaint alleges an IDEA claim against the District for monetary damages, such a claim should be dismissed as this is not an available remedy under the statute; (2) Plaintiffs' ADA and RA claims should be dismissed; and (3) the allegations against Defendant are largely time-barred by the applicable statute of limitations. The Court will first discuss the standard of review on a motion to dismiss before turning to Defendant's motion.

11

I. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

II. IDEA Claim Against the District

As Defendant correctly notes, the Amended Complaint does not make clear the extent to which Plaintiffs intend to assert an IDEA claim against the District for monetary damages. (See Def.'s Br. at 6.) Although the "wherefore" clause of the Amended Complaint omits any reference to the IDEA, the Amended Complaint itself makes various references to the IDEA and whether the District provided Congemi with a FAPE. Moreover,

Judge Boyle's R&R and this Court's September Order addressed Plaintiffs' motion only insofar as Plaintiffs sought to bring an IDEA claim for money damages against the individual defendants, leaving open the viability of any such claim against the District.

The September Order did, however, imply that an IDEA claim against the District for money damages could not stand. (September Order at 7.) The Court now explicitly holds that, for the reasons expressed in both the R&R and the September Order, Defendant's motion in this regard is GRANTED, and Plaintiffs' claim against the District under the IDEA for money damages is DISMISSED. The Court notes that Plaintiffs have again moved to amend. As such, Plaintiffs' IDEA claim against the District is DISMISSED WITHOUT PREJUDICE.

III. ADA and RA Claims

Defendant next moves to dismiss Plaintiffs' ADA and RA claims because Plaintiffs' allegations "claim that [Congemi] was denied a free appropriate public education (FAPE) by the District" and allegations that "merely challenge an IEP fail to state a claim upon which relief can be granted." (Def.'s Br. at 8.) Moreover, Defendant asserts that Plaintiffs' claims are devoid of any merit because the SRO has already determined that Congemi was not denied access to school education programs and services. (Def.'s Br. at at 10.)

Defendant raised these same issues, albeit with less specificity, in opposition to Plaintiff's first motion to amend. (See generally Def.'s Opp. to First Mot. to Amend.)  The Court carefully considered Defendant's arguments then, even citing to some of the very same case law to which Defendant cites in its current brief.  (Compare September Order at 6 with Def.'s Br. at 11 (both citing to French v. N.Y. State Dep't of Educ., No. 10-CV-4298, 2011 WL 5222856 (2d Cir. Nov. 2, 2011).)  Moreover, the Court specifically rejected Judge Boyle's R&R on this point, which had found in favor of the District.  Accordingly, and for the same reasons as asserted in the September Order, Defendant's motion in this regard is DENIED.

IV. Statute of Limitations

Finally, Defendant maintains that Plaintiffs' claims are barred by the applicable statute of limitations.  The Court disagrees.

As Defendant correctly points out, the timeline of events and the specific school years at issue are wholly unclear from the Amended Complaint, and Plaintiffs allegations make few, if any, references to actual dates.  In fact, the only particular dates mentioned in the Amended Complaint are November 7, 2007 through January 25, 2008, during which time Congemi was "left home . . . without any home instruction, special education services/supports, and/or counseling . . . ."  (Am. Compl.

¶ 83.) According to Defendant, Congemi was placed into the EAC, which it describes as a "nonpublic school," in January 2008 and, as such, Plaintiffs' allegations presumably pertain primarily, if not entirely, to events prior to such placement. (Def.'s Br. at 15-16.)

Plaintiffs' claims under the RA and the ADA are subject to a three-year statute of limitations. See Piazza v. Florida Union Free Sch. Dist., 777 F. Supp. 2d 669, 687 (S.D.N.Y. 2011); Scaggs, 2007 WL 1456221, at *9; BD v. DeBuono, 130 F. Supp. 2d 401, 424 (S.D.N.Y. 2000). "When either of these claims accrues is determined by federal law, and in the Second Circuit, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." BD, 130 F. Supp. 2d at 424 (internal quotation marks and citation omitted).

Here, at least some of Plaintiffs' claims pertain to the 2009-2010 school year and, particularly, Congemi's graduation in 2010. In fact, in permitting Plaintiffs to file a First Amended Complaint, the Court's analysis of Plaintiffs' RA and ADA claims focused on allegations regarding manipulation of Congemi's test scores and acceleration of progress to graduation. (September Order at 6.) Although not abundantly clear from the Amended Complaint, Plaintiffs apparently allege that the District continued to develop Congemi's IEP even after

15

he was placed in the EAC.[6] Additionally, Congemi graduated with a diploma from the District. (See Def.'s Br. at 3; Pls.' Opp. Br. at 8.) Plaintiffs commenced this action on March 30, 2011, and therefore their claims regarding the 2009-2010 school year are clearly within the three year statute of limitations. Accordingly, Defendant's motion to dismiss because all of Plaintiffs' claims are beyond the statute of limitations is DENIED.

In response to Defendant's motion, Plaintiffs also maintain that they were required to exhaust their claims through administrative remedies, including their RA and ADA claims, and given that they did so in a timely fashion, none of their claims are time-barred. (Pls.' Opp. Br. at 7.) Plaintiffs apparently raise the issue of equitable tolling, although they do not say so explicitly. "Statutes of limitations are generally subject

---

[6] In response to Defendant's motion, Plaintiffs submit an affidavit from Rekowicz clarifying the extent to which the District was involved after Congemi's placement with the EAC. (Pls.' Opp. Br. Ex. C, Rekowicz Aff.) The Court, however, is confined to the allegations made in the Amended Complaint. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). In addition, Defendant responds that at least some of these allegations are new and were not previously litigated in the administrative process, thus requiring dismissal because they were not exhausted. (Def.'s Reply Br., Docket Entry 41-1, at 5-6.) Plaintiffs have alleged exhaustion (Am. Compl. ¶¶ 87-106) and, although Defendant has provided the Court with the SRO's decision regarding the 2007-2008 and 2008-2009 school years, it is not clear what was raised regarding the 2009-2010 school year. Accordingly, to the extent that Defendant argues that the Amended Complaint raises claims that were not exhausted, its motion is DENIED.

to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks and citation omitted). Further, "[e]quitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Id. (internal quotation marks and citation omitted) (emphasis omitted). Federal courts look to state equitable tolling rules unless it would defeat the goals of the federal statute. Piazza, 777 F. Supp. 2d at 691 (quoting M.D. Southington Bd. of Educ., 334 F.3d 217, 224 (2d Cir. 2003)).

Defendant does not seem to dispute that Plaintiffs were required to exhaust their administrative remedies. Certainly, the IDEA requires exhaustion of administrative remedies. See Scaggs, 2007 WL 1456221, at *4 (citing 20 U.S.C. § 1415(l)). In addition, this exhaustion requirement has been extended to related claims, such as those under the RA and ADA. Id. at *4 ("[T]he IDEA statute requires plaintiffs with any claims related to the education of disabled children, whether brought under IDEA or another statute (i.e., the ADA), to exhaust the administrative remedies available under IDEA prior to initiating a federal lawsuit." (emphasis in original)).

Courts have been reluctant to apply equitable tolling, particularly where tolling would defeat such goals of the IDEA as "the expeditious resolution of educational programming disputes." M.D., 334 F.3d at 224; see also Piazza, 777 F. Supp. 2d at 691-92 (declining to extend equitable tolling to IDEA claims due to plaintiff's status as a minor). However, the Second Circuit has applied the doctrine to instances where the plaintiff was required to exhaust his administrative remedies. See Gonzalez, 651 F.3d at 323-24 (holding that equitable tolling should apply where an inmate was required to exhaust his administrative remedies under the Prison Litigation Reform Act). As Plaintiffs have alleged the time period during which they exhausted their administrative remedies, and have argued--without opposition--that they were required to do so, "this is the extraordinary case to which equitable tolling may apply, especially at the motion to dismiss stage." Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2010 WL 3924292, at *8 (E.D.N.Y. Mar. 23, 2010), adopted by 2010 WL 4038791 (E.D.N.Y. Sept. 29, 2010); cf. J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 570 F. Supp. 2d 1212, 1222-23 (E.D. Cal. 2008) (equitably tolling time to bring claim under Section 504 of the RA while the plaintiff exhausted administrative remedies as required by the IDEA). Accordingly, Defendant's motion is DENIED.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to Plaintiffs' IDEA claims for money damages, and such claims are DISMISSED WITHOUT PREJUDICE. It is DENIED with respect to Plaintiffs' RA and ADA claims.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:  September  10 , 2013  
        Central Islip, NY